UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DERMORIS KIDD, | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | Cause No. 2:16-cv-71 |
| | § | |
| CANDY FLEET, LLC | § | |
| | § | |
| | § | |
| | § | JURY DEMANDED |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

TO THE HONORABLE JUDGE & JURY:

COMES NOW Plaintiff, DERMORIS KIDD, and files this Complaint and Jury Demand, and would respectfully show the following:

### ■ *PARTIES* ■

1.1    DERMORIS KIDD ("Mr. Kidd") is a citizen and resident of the State of Alabama.

1.2    Defendant, CANDY FLEET, LLC, ("CANDY FLEET"), is a limited liability company operated for the purposes of accumulating monetary profit, that is organized under the laws of the State of Louisiana, and which does business in a systematic and continuous manner throughout the State of Louisiana and the Eastern District of Louisiana.  It may be served by service of process to **Kenny Nelkin, President/CEO, Candy Fleet, LLC, P.O. Box 2444, Morgan City, La 70381**.

### ■ *JURISDICTION AND VENUE* ■

2.1     Mr. Kidd sues for damages in excess of $75,000, and jurisdiction is proper in this Court under the Jones Act (Public Law 109-304 (H.R. 1442), formerly 46 U.S.C. § 688), the general maritime law, and pursuant to the "saving to suitors" clause.

2.2     Venue in this District is proper as it satisfies the requirements of 28 U.S.C. § 1391, in that Defendant conducts substantial business in and is subject to personal jurisdiction in the District of this Court.

### ■ *FACTUAL BACKGROUND* ■

3.1     This case is brought under the "Jones Act" (46 U.S.C. § 688) and the general maritime law of the United States of America. This suit is necessary to collect a legal debt and damages due and owing Mr. Kidd due to the negligence of Mr. Kidd's Jones Act employer, CANDY FLEET, and the negligence and unseaworthiness of CANDY FLEET's vessel the M/V Candy Stripe and M/V Candy Machine, and its crew, directly contributing to serious injuries to Mr. Kidd on or about November 2, 2014 ("the Incident in Question").  On the date of the incident in question, Mr. Kidd was assigned to clean the engine room with Aluma Brite.  CANDY FLEET did not properly supervise or train the crew regarding the operation, failed to provide the proper equipment for the job (including safety equipment and equipment for use of the Aluma Brite), failed to put in place proper procedures for use of Aluma Brite, and failed to properly man the vessel, causing Mr. Kidd to be injure by contact of the Aluma Brite with his skin, respiratory system, and digestive system.  In addition, upon Mr. Kidd's attempted return to work

on or about February 20, 2015, he was assigned to pull lines, while working aboard the M/V Candy Machine, with insufficient equipment and an improperly manned vessel.

3.2    As a deckhand, Mr. Kidd was employed by CANDY FLEET and regularly assigned to work in its fleet of vessels of owned and engaged in vessel operations.  On information and belief, CANDY FLEET was the owner and operator of the Candy Stripe and Candy Machine and was responsible for its dangerous and unseaworthy conditions, which was a legal cause of Mr. Kidd's injuries.  The dangerous and defective condition of the vessel violated applicable laws and regulations of the United States of America for vessels, and accordingly CANDY FLEET is liable for negligence, negligence per se, and in strict liability.

3.3    At the time of his injuries, Mr. Kidd was a Jones Act seaman more or less permanently assigned to the vessel and/or fleet of vessels of his employer, CANDY FLEET, and his work contributed to the ultimate mission of the vessels in CANDY FLEET's fleet.  Mr. Kidd would show that nothing he did or failed to do on the occasion in question caused or in any way contributed to cause his injuries.  To the contrary, the occurrence in which Mr. Kidd was injured was proximately caused by the negligence, as that term is understood in law, on the part of CANDY FLEET.

3.4    This case is also brought under the general maritime law to recover for willful, wanton, wrongful denial of maintenance and cure due and owing Mr. Kidd for his injury sustained onboard CANDY FLEET's vessel in the Incident in Question.  While serving as a member of the crew of the M/V Candy Stripe and M/V Candy Machine,

Mr. Kidd sustained an injury in the service of the vessel.  CANDY FLEET is fully liable for payment of maintenance and cure until Mr. Kidd reaches maximum medical cure for the injury sustained in the service of the vessel.

## ■ FIRST CAUSE OF ACTION—NEGLIGENCE ■

4.1     Paragraphs 1.1 through 3.4 are incorporated by reference as though fully set forth herein.

4.2     CANDY FLEET, by and through its employees and officers, were negligent in creating the dangerous conditions that proximately resulted in Mr. Kidd's injuries and in failing to provide adequate crew and equipment, failing to supervise and train the crew, and in other respects.  Under the circumstances presented by CANDY FLEET violation of law, CANDY FLEET is also liable for negligence per se.

## ■ SECOND CAUSE OF ACTION—UNSEAWORTHINESS ■

5.1     Paragraphs 1.1 through 4.2 are incorporated by reference as though fully set forth herein.

5.2     The Candy Stripe and Candy Machine were vessels for which CANDY FLEET owed Mr. Kidd a duty of seaworthiness as a seaman.  CANDY FLEET breached that duty because the Candy Stripe and Candy Machine were not reasonably fit for their intended purposes, was dangerous, not reasonably safe, and unseaworthy.  This unseaworthiness included CANDY FLEET's failure to provide adequate crew and equipment, failing to supervise and train the crew, and in other respects.

5.3     The unseaworthiness of the Candy Stripe and Candy Machine was a factual and

legal cause of Mr. Kidd's damages.

## ■ THIRD CAUSE OF ACTION—
## WRONGFUL DENIAL OF MAINTENANCE AND CURE ■

6.1     Paragraphs 1.1 through 5.3 are incorporated by reference as though fully set forth herein.

6.2     Despite repeated demands, CANDY FLEET has failed to provide and continue to breach their obligations of timely maintenance and cure payments to Mr. Kidd.  This denial, despite the plain indications of the necessity of ongoing cure and medical care, can only be described as willful, arbitrary, and capricious.  Accordingly, Plaintiff makes demand for maintenance and cure, attorney fees, and such other consequential damages (including punitive damages for arbitrary and capricious denial) permitted by law for such arbitrary and capricious denial of maintenance and cure.

## ■ FOURTH CAUSE OF ACTION—
## WRONGFUL TERMINATION ■

7.1     Paragraphs 1.1 through 6.2 are incorporated by reference as though fully set forth herein.

7.2     The General Maritime Laws and the Jones Act prohibit discriminatory misconduct against a worker injured on the job who seeks benefits under the Jones Act. Defendant CANDY FLEET knew that Mr. Kidd suffered a compensable on the job injury and sought benefits for maintenance and cure under the Jones Act.  CANDY FLEET responded to Mr. Kidd's injury by first harassing and then firing him, fabricating various pretextual grounds for wrongfully and maliciously firing Mr. Kidd as a result of his on the job injury

and resulting claim for lawful benefits.

## ■ *DAMAGES* ■

8.1    By reason of the incident in question, Mr. Kidd sustained bodily injuries, and because of the nature and severity of the injuries sustained, he has suffered physical pain and mental anguish, and of reasonable probability will continue to suffer physical pain and mental anguish in the future.  At the time of the incident in question, Mr. Kidd was a healthy, able-bodied workingman who sustained and will continue to suffer as a result of the incident physical impairment and disfigurement.

8.2    These very painful and disabling injuries have caused Mr. Kidd to sustain a loss of earnings and wage earning capacity in the past and this condition will exist in the future. Because of the nature and severity of the injuries he has sustained, Mr. Kidd has required medical treatment in the past, and in reasonable probability he will require other and additional medical treatment in the future.  Charges for such medical treatment that have been made in the past and those which of reasonable probability will be made in the future have been and will be reasonable charges made necessary by the occurrence in question.

8.3    Mr. Kidd would additionally say and show that he is entitled to recovery of pre-judgment interest in accordance with law and equity as part of his damages herein, and Mr. Kidd here and now specifically sues for recovery of pre-judgment interest from the date of the incident made the basis of this suit until the date of the judgment herein, as provided by law and equity, under the applicable provisions of the laws of the State of

Texas and the United States of America.

■ *PRAYER* ■

**WHEREFORE, PREMISES CONSIDERED,** Mr. Kidd prays:

(a)     That process in due form of law according to the practice of this Honorable Court issue against the Defendant, citing them to appear and answer all and singular the matters aforesaid;

(b)     The damages provided by law for the injuries sustained by DERMORIS KIDD.

(c)     Such other and further relief that this Court may deem appropriate.

Respectfully submitted,

**DOYLE LLP**

MICHAEL P. DOYLE
S.D. Texas Bar No. 13309
PATRICK M. DENNIS
S.D. Texas Bar No. 578507
2402 Dunlavy Street, Suite 200
Houston, Texas 77006
Phone: (713) 571-1146
Fax:     (713) 571-1148

Charles C. Bourque
**ST. MARTIN & BOURQUE**
4084 LA-311
Houma, Louisiana 70360
Phone:  (985) 876-3891
Fax:     (985) 851-2219
**ATTORNEYS FOR PLAINTIFF**

7

**DERMORIS KIDD**

## JURY DEMAND

     *Mr. Kidd hereby demands a trial by jury, a right enshrined in the Constitutions of the United States of America and the State of Louisiana and preserved by the sacrifices of many.  The necessary jury fee has been paid.*

_____
MICHAEL PATRICK DOYLE