1168119                                                                                                                          0315-20052

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DERMORIS KIDD,** | CIVIL ACTION NO.   2:16-cv-71 |
| **Plaintiff,** | SECTION "R" <br> JUDGE SARAH S. VANCE |
| Versus | |
| **CANDY FLEET, LLC,** | MAGISTRATE (3) <br> JUDGE DANIEL E. KNOWLES, III |
| **Defendant.** | |

### ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

**NOW INTO COURT**, through undersigned counsel, comes Candy Fleet, LLC ("Candy Fleet"), who, in response to the Plaintiff's Original Complaint and Jury Demand (the "Complaint"), avers as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim or cause of action upon which relief can be granted.

**AND NOW**, in answer to each paragraph of the plaintiff's Complaint, Candy Fleet responds as follows:

1.1

Candy Fleet denies paragraph 1.1 for lack of sufficient information justifiably therein.

1.2

Admitted.

2.1

Candy Fleet denies any liability to the plaintiff or that the plaintiff sustained any cognizable damages, but Candy Fleet admits that the allegations in his Complaint give rise to damages that are in excess of the minimum jurisdictional requirement for this Court.

2.2

Admitted.

3.1

The allegations contained in paragraph 3.1 are denied.

3.2

It is admitted that the plaintiff was in an employee of Candy Fleet. All remaining allegations made in paragraph 3.2 are denied.

3.3

The allegations contained in Paragraph 3.3 are denied.

3.4

The allegations contained in Paragraph 3.4 are denied.

4.1

Paragraph 4.1 incorporates by reference previously alleged paragraphs and Candy Fleet adopts is prior responses to those paragraphs.

4.2

The allegations contained in Paragraph 4.2 are denied.

5.1

Paragraph 5.1 incorporates by reference previously alleged paragraphs and Candy Fleet adopts is prior responses to those paragraphs.

5.2

The allegations contained in Paragraph 5.2 are denied.

5.3

The allegations contained in Paragraph 5.3 are denied.

6.1

Paragraph 6.1 incorporates by reference previously alleged paragraphs and Candy Fleet adopts is prior responses to those paragraphs.

6.2

The allegations contained in Paragraph 6.2 are denied.

7.1

Paragraph 7.1 incorporates by reference previously alleged paragraphs and Candy Fleet adopts is prior responses to those paragraphs.

7.2

The allegations contained in Paragraph 7.2 are denied.

8.1

The allegations contained in Paragraph 8.1 are denied.

8.2

The allegations contained in Paragraph 8.2 are denied.

8.3

The allegations contained in Paragraph 8.3 are denied.

## PRAYER FOR RELIEF

The allegations contained in Plaintiff's Prayer for Relief, including subparts (a) through (c), are denied.

## FURTHER AFFIRMATIVE DEFENSES

## SECOND DEFENSE

Candy Fleet paid maintenance and cure to the plaintiff through the date he was pronounced at maximum medical improvement by his chosen treating physician. As such, Candy Fleet cannot be liable for any alleged arbitrary and capricious conduct for failure to pay further maintenance and cure. Further, Candy Fleet avers that it has fully satisfied any maintenance and cure obligation it may owe to the plaintiff.

## THIRD DEFENSE

While plaintiff's alleged injury is denied, to the extent it may be established that plaintiff sustained any cognizable injury, such was caused or contributed to by the plaintiff's failure to observe and follow proper and required safety protocols when using aluma brite to clean the engine room aboard the M/V CANDY STRIPE. Specifically, and upon information and belief, plaintiff failed to use proper ventilation and respirators, both of which were available to him and known to be available to him.

## FOURTH DEFENSE

Plaintiff's injuries, if any, resulted from a condition which was open and obvious to plaintiff.

## FIFTH DEFENSE

Without waiving the above and foregoing, Candy Fleet avers that plaintiff's damages arose as the result of a pre-existing and/or subsequently developing physical and/or mental condition which was neither caused or aggravated by any act of omission of Candy Fleet, thus barring or mitigating any recovery by plaintiff herein. Specifically, it is believed that the plaintiff suffered from chronic asthma prior to his employment with Candy Fleet, and during his employment was repeatedly unable to perform his job duties as a consequence of such chronic asthma.

## SIXTH DEFENSE

Candy Fleet alleges and avers that any injuries and/or damages allegedly sustained by plaintiff as alleged in his Complaint were caused by the negligence and/or fault of other persons and/or entities for whom Candy Fleet herein is in no way responsible.

## SEVENTH DEFENSE

In the further alternative, Candy Fleet alleges and avers that plaintiff has failed to mitigate his alleged damages and recovery herein is mitigated or defeated.

## EIGHTH DEFENSE

In the further alternative, as a separate and distinct defense, Candy Fleet avers that if this Court should find that plaintiff sustained any injury or injuries, all of which is denied, and should

find that the accident complained herein was caused or contributed to by the negligence of Candy Fleet, which is also denied, the same was also caused or contributed to by the negligence and lack of due care of the part of plaintiff, and Candy Fleet specifically pleads such contributory negligence/comparative fault as a bar to this action, or alternatively, in mitigation of the amount of damages legally recoverable.

### NINTH DEFENSE

Candy Fleet avers that plaintiff's pre-existing and known medical condition was willfully concealed from Candy Fleet, and, as such, Candy Fleet does not owe plaintiff or any other party any sums to compensate plaintiff for his medical expenses.

### TENTH DEFENSE

Plaintiff's alleged injuries, which are specifically denied, were in no way caused by any negligence on the part of Candy Fleet or its employees, agents, contractors, subcontractors, hired hands, or temporary laborers. Rather, to the extent that plaintiff suffered any injuries, such injuries were caused solely by normal conditions for which Candy Fleet is in no way responsible.

### ELEVENTH DEFENSE

Candy Fleet avers that it is entitled to exonerate or limit its liability under the limitation of Vessel Owner's Liability Act of 1851, 46 U.S.C.A. § 30501, *et seq.*, should Candy Fleet be liable unto plaintiff in any regard, which is specifically denied.  Candy Fleet in no way waives its right to pursue limitation as a defense in any subsequent proceeding in any court of competent jurisdiction.

## TWELTH DEFENSE

Candy Fleet avers that, after remitting all due maintenance to the plaintiff and providing his with medical treatment at no cost to the plaintiff, the plaintiff severed contact with Candy Fleet and retained legal counsel, who shortly thereafter filed suit. There was no "harassing and then firing" of plaintiff by Candy Fleet that would support any claim for wrongful termination.

## THIRTEENTH DEFENSE

Candy Fleet reserves the right to supplement and amend these pleadings and affirmative defenses as necessary.

**WHEREFORE**, the premises considered, defendant, Candy Fleet, LLC, prays that this, its Answer, be deemed good and sufficient and, that after due proceedings are had, there be judgment herein in favor of Candy Fleet, and against plaintiff, Dermoris Kidd, dismissing the Plaintiff's Original Complaint and Jury Demand, at plaintiff's sole cost, and that Candy Fleet, LLC, be granted such other and further relief as equity and justice of the cause may require and permit.

        /s/   *Gavin H. Guillot*
Salvador J. Pusateri, T.A. (LA Bar #21036)
Gavin H. Guillot (LA Bar #31760)
Diemminh Peters (LA Bar #35466)
**PUSATERI, BARRIOS, GUILLOT & GREENBAUM**, **LLC**
1100 Poydras Street, Suite 2250
New Orleans, LA 70163
Telephone: 504-620-2500
Facsimile: 504-620-2510
Salvador.Pusateri@pbgglaw.com
Gavin.Guillot@pbgglaw.com
Diemminh.Peters@pbgglaw.com
Attorneys for Candy Fleet, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of January, 2016, I electronically filed the foregoing with the Clerk of court by using the CM/ECF system which will send a notice of electronic filing to those who are on the list to receive e-mail notices for this case, have enrolled in this Court's CM/ECF program and otherwise consented to receive notice and service via CM/ECF. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to all non-CM/ECF participants.

　　　　　　　　　　　　　　　*/s/*　　**Gavin H. Guillot**