UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DERMORIS KIDD, | § | CIVIL ACTION NO. 2:16-cv-00071 |
| | § | |
| Plaintiff, | § | SECTION "R" |
| | § | JUDGE SARAH S. VANCE |
| V. | § | |
| | § | MAGISTRATE (3) |
| CANDY FLEET, LLC | § | JUDGE DANIEL E. KNOWLES, III |
| | § | |
| | § | |
| Defendant. | § | JURY DEMANDED |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS MOTION IN LIMINE REGARDING IMPROPER EX PARTE COMMUNICATION BY DEFENSE COUNSEL WITH A TREATING PHYSICIAN**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Dermoris Kidd ("Mr. Kidd") files this Motion in Limine to Exclude the "ill-gotten gains of defense counsel's illicit ex parte communication," with Plaintiff's treating physician Dr. Schulte and would respectfully show the following:

1. Defendant has violated long-settled Louisiana law by communicating ex-parte with Dr. William Schulte – a treating physician of Mr. Kidd. More pointedly, Defendant's counsel not only communicated with Dr. Schulte outside of the discovery process, Defendant's counsel requested that Dr. Schulte draft an "expert" report, provided discovery documents to Dr. Schulte, provided Dr. Schulte with questions to answer in that report, and presumptively compensated Dr. Schulte for his time. See Exhibit 2, Dr. Schulte's Report. Following the Louisiana Court of Appeals in *Boutte v. Winn-Dixie Louisiana, Inc.*, Defendant should be precluded from using "the ill-gotten

gains of defense counsel's illicit ex parte communication[.]" *Boutte v. Winn-Dixie Louisiana, Inc.*, 674 So. 2d 299, 301 (La.App. 1996).

2. Louisiana Courts have repeatedly confirmed that it is improper for a Defense attorney to communicate with the Plaintiff's treating physician outside of the discovery process. For example, in *Boutte v. Winn-Dixie La.*, the Louisiana Court of Appeals addressed this exact issue. 674 So. 2d 299, 301 (La.App. 1996). In *Boutte*, the Defendant's counsel had conducted ex parte communication with a treating physician. The plaintiff requested that the Court preclude the doctor's testimony based on this contact. The trial court overruled the objection and allowed the doctor's testimony. On appeal, the Court found that the trial court erred in admitting the "ill-gotten gains of defense counsel's illicit ex parte communication." The Court further found that allowing evidence was a clear abuse of justice and impacted the ultimate resolution of the case. Therefore, the Court reversed and rendered judgement in favor of the Plaintiff.

3. Similar to *Boutte*, the Court of Appeals in *Coutee* noted that "violations of La.Code Evid. Art. 510 can result not only in sanctions against the attorney violator, but also. . .the elimination of testimonial evidence if the violation rises to the level of tainting the integrity of the trial." *Coutee v. Global Marine Drilling Co.*, 895 So.2d 631, (La.App. 3 Cir. 2005), *rev'd on other grounds*, 924 So. 2d 112 (La. 2006). In more detail, the plaintiff in *Coutee* alleged violations of the Jones Act – the identical claims made by Mr. Kidd in this case. The Defendant's counsel corresponded with a treating doctor, including providing documents and discussing the case before trial. Over the Plaintiff's objection, the Court allowed the doctor to provide testimony at the trial, ultimately ending in a judgment in

favor of the Defendant. On review, the Court of Appeals again reversed and rendered judgment in favor of the Plaintiff.

4.      Exactly like *Coutee* and *Boutee*, Dr. Schulte's testimony should be barred based on Defendant's improper ex-parte communication. Indeed, Defendant has not only communicated with Dr. Schulte, Defendant also requested that Dr. Schulte draft a report, provided Dr. Hamilton's deposition to Dr. Schulte, provided Dr. Schulte with questions to answer in that report, and presumably compensated Dr. Schulte for his time. Exhibit 2. Dr. Schulte even noted in his report – a report he prepared on behalf the Defendant – that he would be "more than happy to talk with you or provide other written reports as needed. . . [t]hank you for the opportunity to provide this information." *See* Exhibit 2.  Furthermore, the report also references an initial draft and later "revision" – medical records from a treating physician that Plaintiff has never been provided.  Id. Put simply, this conduct is a significant violation of Louisiana law.

5.      Further emphasizing Defendant's improper conduct, Plaintiff's medical release explicitly excluded Defendant from "any oral discussion or conference concerning Plaintiff's medical care or treatment with counsel for Defendant outside of the presence of Plaintiff's counsel." Exhibit 1. Indeed, this release mirrors Louisiana statutory limits for a medical release.

> Any party may serve upon the plaintiff or upon any other party whose medical records are relevant to an issue in the case a request that the plaintiff or other authorized person sign a medical records release authorizing the health care provider to release to the requesting party the medical records of the party whose medical condition is at issue. The release shall be directed to a specific health care provider, shall authorize the release of medical records

> only, and **shall state that the release does not authorize verbal communications by the health care provider to the requesting party.**

La.Code Civ.P. art. 1465.1  In sum, the ex-parte communication violated Plaintiff's release and violated the privilege standard codified by Louisiana law.

6.  Reversing its prior position, Defendant now appears to argue that Dr. Schulte is not a treating physician for Mr. Kidd.  Instead, Defendant argues that "Dr. Schulte is, and has always been, a doctor retained and paid for by Candy Fleet in keeping with its cure obligation."  See Doc. [37.] at pg. 3. But Defendant confuses its obligation to provide cure and pay for insurance benefits, with actually retaining Dr. Schulte as a medical expert. Indeed, there is no dispute that Dr. Schulte wa a treating physician of Mr. Kidd. Defendant even referred to Dr. Schulte as a "pulmonologist of Kidd's own choosing" and noted that "Dr. Schulte treated Kidd from March 2015 to May 2015." See [Doc. 29-2.] at pg. 3.  This is the exact same scenario as *Coutee* where the Court struck the doctor's testimony even though he was "paid-for" under the Defendant's obligation to pay maintenance and cure.

7.  Because Dr. Schulte is a treating physician of Mr. Kidd, Defendant's contact and request of an "expert report" was improper.  Therefore, Mr. Kidd requests that the Dr. Schulte be barred from testifying at trial.

WHEREFORE, PREMISES CONSIDERED, Mr. Kidd prays that the Court grant Plaintiff's Motion and grant him such other and further relief to which he may be justly entitled.

Respectfully submitted,

DOYLE LLP

*/s/ M. Doyle*

4

                                                                 _____

MICHAEL P. DOYLE
State Bar No. 06095650
PATRICK M. DENNIS
State Bar No. 24045777
3401 Allen Parkway, Suite 100
Houston, Texas 77019
Phone: (713) 571-1146
Fax:     (713) 571-1148

Charles C. Bourque
**ST. MARTIN & BOURQUE**
4084 LA-311
Houma, Louisiana 70360
Phone:  (985) 876-3891
Fax:     (985) 851-2219

**ATTORNEYS FOR PLAINTIFF
DERMORIS KIDD**

<u>CERTIFICATE OF SERVICE</u>

     I hereby certify that on November 28, 2016, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and a transmittal of a Notice of Electronic Filing to all parties of record.

_____
MICHAEL PATRICK DOYLE